**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| PATRICK POLK, #02327206, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No. 6:25-cv-381-JDK-KNM |
| v. | § | |
| | § | |
| DIRECTOR, TDCJ, et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Patrick Polk, a prisoner in the Clements Unit of the Texas Department of Criminal Justice (TDCJ) proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Plaintiff is not proceeding *in forma pauperis*.  The case was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On March 26, 2026, Judge Mitchell issued a Report (Docket No. 17) recommending that—with the exception of Plaintiff's claims regarding the conditions of confinement through placement in an unsanitary prison cell against Defendants Taylor and John Doe—all of Plaintiff's claims should be dismissed, with prejudice, for the failure to state a claim upon which relief may be granted.

Specifically, Judge Mitchell determined that (1) Plaintiff's allegations that he failed to receive responses to his prison grievances identify no constitutional issue, and (2) Plaintiff's vague and sparse contentions regarding the denial of medical care

1

do not indicate deliberate indifference, and a single incident of food poisoning does not constitute a constitutional violation. Judge Mitchell recommended that those claims be dismissed. Docket No. 17.

Judge Mitchell found that Plaintiff's claims regarding his placement in an unclean cell—with blood and smeared feces—for days without showers and despite his weakened immune system should proceed before the Court. Plaintiff filed timely objections. Docket No. 18.

## I.

The Court reviews the findings and conclusions of the Magistrate Judge de novo if a party objects within fourteen days of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Alexander v. Verizon Wireless Servs., LLC*, 875 F.3d 243, 249 (5th Cir. 2017).

Plaintiff raises several objections to the Report: (A) Plaintiff made "countless attempts to pay the full filing fee on time"; (B) he filed prison grievances to exhaust his required administrative remedies; and (C) Defendant Taylor denied him medical treatment at his cell and medical staff would not allow him to have stitches. Docket No. 18. The Court will address each objection in turn.

## A.

Plaintiff first complains that he made countless attempts to pay the full filing fee in this proceeding. This objection does not address any issue discussed in the Report. The docket reflects that Plaintiff submitted the requisite full filing fee of

$405.00 on March 10, 2026, and Judge Mitchell did not recommend that Plaintiff's lawsuit be dismissed for lack of payment of the filing fee.  Plaintiff thus identifies no error in the Report, and this objection is overruled.

**B.**

Plaintiff next maintains that he filed prison grievances to exhaust his administrative remedies.  This objection similarly does not address the issues discussed in the Report.  In his complaint, Plaintiff argued that prison officials never answered his grievances and so the grievance procedure was "unavailable."  Judge Mitchell correctly determined that prisoners do not have a constitutional right to have their prison grievances resolved to their satisfaction.  *See Ballentine v. Brocton Grievance Dept. Vicki Cuddiff*, 155 F.4th 462, 471 (5th Cir. 2025) ("But Texas inmates do[] not have a federally protected liberty interest in having these grievances resolved to [their] satisfaction." (internal quotations omitted)).  Plaintiff having failed to indicate that any constitutional right was violated, Judge Mitchell properly found that this contention failed to state a claim upon which relief may be granted.

To the extent that Plaintiff argues that he properly exhausted his claims before filing his lawsuit in compliance with the Prison Litigation Reform Act (PLRA), such issue is usually an affirmative defense raised by the Defendants rather than a claim for relief.  The issue of exhaustion is not before the Court at this time ,and in the event that it is raised in the future, the Court will consider Plaintiff's claim(s) of unavailability.  This objection is overruled.

## C.

Plaintiff next reiterates his contention that Defendant Taylor "denied medical" at his cell and that the medical staff did "not allow stitches" after he was cut with a razor. He insists that "asking officers for medical & not receiving it is cruel & unusual & a wanton infliction causing physical harm." Docket No. 18 at 3. Plaintiff claims that an "open wound left unattended could turn into [an] infection," which is more than substantial harm. Finally, Plaintiff states that "denial of proper food my [*sic*] TDCJ travel card has a diagnosis of & food allergy special diet which could be detrimental." Docket No. 18 at 4.

Judge Mitchell correctly determined that Defendant "Medical Staff" is not a proper party because it enjoys no separate legal existence and cannot be subject to a section 1983 lawsuit. *See Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313 (5th Cir. 1991) (explaining that a department of a government entity must enjoy separate legal existence to be subject to a lawsuit).

In order to show an Eighth Amendment violation, prison conditions "must pose 'an unreasonable risk of serious damage' to a prisoner's health—an objective test— and prison officials must have acted with deliberate indifference to the risk posed—a subjective test." *See Garrett v. Lumpkin*, 96 F.4th 896, 900 (5th Cir. 2024) (quoting *Ball v. LeBlanc*, 792 F.3d 584, 592 (5th Cir. 2015)).

The Fifth Circuit has also highlighted that deliberate indifference in the medical context is a difficult standard to satisfy:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by medical personnel does not suffice

to state a claim for deliberate indifference. Rather, the plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment. And, the failure to alleviate a significant risk that [the official] should have perceived, but did not" is insufficient to show deliberate indifference.

*Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (internal quotations omitted). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does an inmate's disagreement with his medical treatment, absent exceptional circumstances." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

Even if Defendant "Medical Staff" were a proper party, Plaintiff's claim that it denied him stitches necessarily indicates that medical staff saw him and evaluated him. *See Davis v. Lumpkin*, 35 F.4th 958, 963 (5th Cir. 2022) (explaining that "[m]ere disagreement with medical judgments or treatment is also insufficient" to demonstrate deliberate indifference). Plaintiff now readily admits that he was taken to the infirmary but the "infirmary" denied him stitches. Docket No. 18 at 2. But Plaintiff's mere disagreement with the decision not to provide stitches does not identify or indicate any constitutional violation. This objection is overruled.

Plaintiff repeats his assertion that Defendant Taylor "denied medical care" and that medical staff would not allow stitches. And though he claims that Taylor denied him medical care, once again, he concedes he was taken to the infirmary. And as Judge Mitchell determined, Plaintiff's vague and sparse accusations do not suggest or indicate that any person acted with deliberate indifference. *See R.A.M. Al-Raid v.*

*Ingle*, 69 F.3d 28, 32 (5th Cir. 1995) (explaining that generalized assertions and conclusory allegations are insufficient to sustain a section 1983 claim).

Simply claiming that a defendant denied medical care and would not provide him stitches, without more, does not identify a constitutional issue. And assuming that Defendant Taylor, as a Sergeant, could have provided Plaintiff with the stitches as he demanded, Plaintiff's articulation of the facts does not indicate that any Defendant was aware of and then disregarded an excessive risk to Plaintiff's health or safety. His concern that an open wound may turn into an infection is purely speculative. This objection is overruled.

Finally, Plaintiff states that "denial of proper food my TDCJ travel card has a diagnosis of & food allergy special diet which could be detrimental." But Plaintiff makes no mention of any food allergy in his amended complaint (Docket No. 6), which is the operative pleading in this proceeding; as a result, this allegation is improperly raised for the first time on objection. *See United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); *see also Place v. Thomas*, 61 F. App'x 120, 2003 WL 342287, *1 (5th Cir. 2003) ("Generally, an issue raised for the first time in an objection to a magistrate judge's report is not properly before the district court and therefore is not cognizable on appeal.").

Even if this claim were a proper objection, once again, Plaintiff's statement is conclusory, without specifics or elaboration, and therefore does not indicate that his constitutional rights were violated. At most, Plaintiff identifies a single incident in which his unspecified "special" diet was denied. Docket No. 18 at 2. But much like

Plaintiff's food poisoning claim, an isolated incident in which Plaintiff allegedly did not receive his special diet tray, without more, does not indicate that any Defendant violated his constitutional rights. *See George v. King*, 837 F.2d 705, 707 (5th Cir. 1988). This objection is therefore overruled.

## II.

Having reviewed the pleadings, the record, the Magistrate Judge's Report, Plaintiff's objections, and the relevant law, Plaintiff's objections (Docket No. 18) are **OVERRULED**. Accordingly, the Court hereby **ADOPTS** the Report of the United States Magistrate Judge (Docket No. 17) as the findings of the Court.

Plaintiff's claims—with the exception of his claims against Defendant Taylor and John Doe regarding placement in an allegedly unsanitary cell—are **DISMISSED with prejudice** for the failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(1). Plaintiff's claim regarding the conditions of his cell will proceed before the Court.

So **ORDERED** and **SIGNED** this **22nd** day of **May, 2026.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE